## CATHARINE HORSEY'S Lessee *vs.* NATHANIEL HORSEY.

A married woman's interest in land can be affected only by her private acknowledg-
.ment of a deed.

Her covenant to convey will not bind her, and it cannot be pleaded as an estoppel.

Ejectment will not lie against a person coming in as tenant, without notice to quit.

One coming in as tenant to a tenant for life does not, upon his death, become the ten-
ant of the remainderman, without his assent, express or implied. '

OCTOBER term, 1847. Ejectment for a granary, wharf, &c., on the Nanticoke river at Seaford, in defendant's possession.

The land in question was devised by Jacob Kinder to his daughter Catharine Horsey (then the wife of Josiah Horsey) in fee; on condi-tion solely and specially that she should pay the debts and a legacy of $200 to a grand-daughter, Sally Ann Cannon or her heirs, with interest. The testator also devised other lands in the same way to his two other daughters, the wives, respectively, of Joseph Neall and Nathaniel Horsey. The personal estate was insufficient; and the administrator, c. t. a., of Jacob Kinder, by agreement in writing be-tween him and Joseph Neall, Josiah Horsey and Nathaniel Horsey, sold all the lands devised, and applied the proceeds to the payment of debts; and divided the residue among the devisees. A portion of the land (the part devised to Mrs. Neall,) was purchased at this sale by Nathaniel Horsey, and a deed was duly executed and acknow-ledged to him for the same, by Joseph Neall and wife, and Josiah Horsey *and wife* (plaintiff's lessor.) This deed recited the devise; the insufficiency of the personal estate; the unwillingness of the

devisees to accept the land devised charged with the debts; and the *agreement authorizing the administrator. to sell the land,* with *covenants for conveyance.*

The defence was, 1st. That the plaintiff was *estopped* by the recitals of this deed from setting up title to the land devised to her. 2d. That the devise to her was *conditional* and gave no title to the land until the condition was performed, viz.: the legacy paid. (*Co. Litt. p.* 1, *n. a.;* 2 *Bos. & Pul.* 295.) 3d. That the defendant, who came into possession under Josiah Horsey in his life time, and held over after his death, was a tenant of plaintiff, and entitled to notice to quit. (*Dig.* 365-8.)

*Cullen,* for plaintiff, cited *Arch. Civ. Pl.* 211 ; 17 *Johns. Rep.* 167; 1 *Wash. C. C. R.* 354 ; 37 *C. L. Rep.* 287 ; 8 *Mees. & Wel.* 208.)

*Saulsbury* and *Layton,* for defendant, cited 5 *C. L. Rep.* 219 ; *Dig.* 89 ; 1 *Greenl. Ev.* 26, § 23 ; 16 *Johns. Rep.* 109 ; 3 *Harr. Rep.* 103; 1 *Ibid* 110; 6 *Cruise* 447 ; 1 *Pow. Dev.* 183 ; 2 *Ibid* 251 ; *Platt Cov.* 72.)

*The Court* ruled, 1st. That the recitals in the deed to N. Horsey did not estop the plaintiff to claim the land. It amounted to no more than the admission of an agreement of her husband authorizing the administrator to sell the land, and covenanting to convey accordingly. If the agreement had been signed by the plaintiff, it would amount to no more than a letter of attorney for the sale of lands; which a feme covert cannot make; and a covenant to convey that would not bind her. She could part with her title in no other way than by deed acknowledged, with private examination. (*Dig.* 89.)

2d. That the estate vested in Catharine Horsey by the will of her father immediately on his death, and the payment of debts and legacies was a condition subsequent.

3. That if the defendant was the tenant of the plaintiff by any contract or assent of her's amounting to a leasing or an occupation subject to rent, the plaintiff could not bring an action of ejectment without giving the tenant notice to quit; but any disclaimer of the relation, made prior to the demise, dispenses with the notice; and disclaimers subsequent to the demise may be considered in evidence to disprove the tenancy.

4. That a person coming in as a tenant under a tenant for life, does not, upon his death, become the tenant of the person in remainder; without his assent, express or implied.

Verdict for plaintiff.

*Cullen,* for plaintiff.
*Saulsbury* and *Layton,* for defendant.